UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER K. ALONSO,<br><br>        Plaintiff,<br><br>v.<br><br>WILLIAM QUAN, POLI FLORES, ROSS, M. LEPE NEGRETE, and CHRISTOPHER PLOURD,<br><br>        Defendants. | Case No.: 3:23-cv-00760-WQH-NLS<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Request for Appointment of Counsel (ECF No. 2) and Application to Proceed in District Court without Prepaying Fees or Costs ("Motion to Proceed In Forma Pauperis") (ECF No. 3) filed by Plaintiff Christopher Alonso.

**I.    PROCEDURAL BACKGROUND**

On April 26, 2023, Plaintiff, proceeding pro se, initiated this action by filing a civil rights Complaint against Defendants William Quan, Poli Flores, Ross, M. Lepe Negrete, and Christopher Plourd. (ECF No. 1.) The same day, Plaintiff filed the Request for Appointment of Counsel (ECF No. 2) and Motion to Proceed In Forma Pauperis (ECF No. 3).

1

## II. REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff requests that the Court appoint counsel because he has been unable to obtain counsel given his limited resources and because "[c]ourts are corrupted." (ECF No. 2 at 3.) However, there is no constitutional right to counsel in a civil case. *See Lassiter v. Dept. of Social Servs.,* 452 U.S. 18, 25 (1981). While district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant, this discretion may only be exercised under "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). In weighing the relevant factors in this case, the Court finds that there are no exceptional circumstances warranting appointment of counsel in this matter at this time. Plaintiff's Request for Appointment of Counsel is denied.

## III. MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting a civil action in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In his Motion to Proceed In Forma Pauperis, Plaintiff states that he is not presently employed, has no other source of income, and has a total of $100 in a checking account.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *See id.*

(*See* ECF No. 3 at 1-2.) Based on Plaintiff's representations, the Court determines that Plaintiff cannot afford to pay the filing fee in this case. Plaintiff's Motion to Proceed In Forma Pauperis is granted pursuant to 28 U.S.C. § 1915(a).

## IV.   INITIAL SCREENING OF THE COMPLAINT

The court is required to screen cases filed by parties proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2) states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal—
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). "The purpose of [screening] is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "However, a liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### A. Allegations

On October 1, 2022, Plaintiff was arrested by an El Centro Police Department officer after an altercation involving Plaintiff and an employee of a 7-Eleven store. (*See* ECF No. 1 at 5, 8.) Plaintiff was charged with violating California Penal Code Section 422 (criminal threats) and Section 69 (resisting an executive officer). *See id.* at 8.

In the ensuing five and a half months leading up to his trial, Plaintiff appeared for seven hearings before five California Superior Court judges—the Defendants in this case. *See id.* at 7. At the first of these hearings, Defendant Lepe Negrete "slandered" Plaintiff and demonstrated "bias" against him by remarking that he was "one of the most dangerous

criminals in the nation with extreme anger management problems," and "gave an unfair []consequence" by considering "previously dismissed court matters" in setting bail at $50,000.[2] *Id.* at 5. At a second hearing, Defendant Lepe Negrete "pushed back the court date" because the arresting officer was not present, "which was unfair." *Id.* At a hearing before Defendant Plourd, other witnesses were permitted to speak "but [Plaintiff] was never offered that opportunity." *Id.* at 6. At a hearing before Defendant Flores, Plaintiff requested a new attorney.[3] *See id.* At a hearing before Defendant Ross, Ross "refuse[d] to take a stat[e]ment from" Plaintiff, placed Plaintiff "under arrest for being a flight risk," and recommended Plaintiff for a mental health evaluation despite Plaintiff never having been in trouble and having no family history of mental disability. *Id.* The trial was further delayed by Defendants Quan and Plourd at later hearings. *See id.* At each of the hearings, Defendants failed to "come to a conclusion on the ruling" or "regarding a sentence." *Id.* at 5, 7. A jury trial was held, and on March 21, 2023, Plaintiff was found not guilty of both charges. *See id.* at 9-10.

The "courts in imperial valley were corrupted" because "session[s] were being held… without the usual district attorney or usual criminal judges"; proceedings were "organized and conducted differently" from Plaintiff's past experience litigating "family issues," small claims suits, and traffic violations; the case should have been "automatically dismissed" based on video evidence, the falsification of police reports and arresting officers' use of excessive force on Plaintiff; and the trial was "held in [B]rawley court house," which was in the wrong jurisdiction because "[e]very civil or criminal [matter] is addressed within the city's court house." *Id.* at 7.

The Complaint brings a *Bivens* claim for "corruption," "bias," "profil[ing]," "unfair consequences," and "slandering." (ECF No. 1-1 at 1.) Plaintiff requests $7 million in

---

[2] The bail amount was later decreased to $25,000. (*See* ECF No. 1 at 5, 13.)

[3] It is not clear based on the allegations whether Plaintiff's request was granted.

damages, as well as various forms of injunctive relief, including an investigation of the proceedings, and that Defendants be required to "retake [the] bar exam" and undergo additional training. (ECF No. 1 at 3.)

**B. Discussion**

In *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), the United States Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). "[A] *Bivens* action is the federal analog to suits brought against state officials under… 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). "Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). The Court construes the Complaint as alleging a claim under Section 1983 because Defendants in this action were allegedly state court judges exercising power possessed by virtue of state—rather than federal—law. *See West v. Atkins*, 487 U.S. 42, 49 (1988).

While Section 1983 provides Plaintiff with a potential cause of action, judges are immune from suit for acts taken in their judicial capacity.[4] *See Mireles*, 502 U.S. at 11-12; *see also* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). Judicial immunity "insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'" *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (quoting *Stump v. Sparkman*, 435 U.S. 349,

---

[4] There exists an exception to judicial immunity for actions "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 12 (1991). However, this exception is not applicable in this case—to the extent Plaintiff disputes Defendants' jurisdiction over the underlying action, the Complaint does not allege any facts from which the court can infer that jurisdiction was lacking.

359 (1978)). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Olsen v. Idaho State Bd. Of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1871)).

> To determine whether an act is judicial, we consider these factors: whether '(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

*Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021) (quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001)).

Plaintiff alleges Defendants are state court judges who acted improperly by describing Plaintiff as dangerous at a bail hearing, considering dismissed matters in setting bail, refusing to allow Plaintiff to speak, determining that Plaintiff was a flight risk, recommending Plaintiff for a mental health evaluation, holding hearings in a different courthouse without the usual prosecutors and judges, delaying the trial of the action, and failing to automatically dismiss the charges against Plaintiff. These actions all allegedly occurred at adjudicative hearings regarding Plaintiff's pending criminal case. In weighing the relevant factors, the Court concludes that each of Defendants' challenged actions were taken in Defendants' judicial capacity. *See Lund*, 5 F.4th at 972 ("[W]e hold that judicial immunity applies when a judge makes a statement from the bench during an in-court proceeding in a case before the judge."); *Duvall*, 260 F.3d at 1133 ("Ruling on a motion is a normal judicial function, as is exercising control over the courtroom while court is in session."); *Mishler v. Clift*, 191 F.3d 998, 1008 (9th Cir. 1999) ("[H]olding hearings, taking evidence, and adjudicating are functions that are inherently judicial in nature."); *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995) (stating that "setting bail" is a

judicial act). The Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(3) because Defendants are immune from suit.[5]

## V.  CONCLUSION

IT IS HEREBY ORDERED that the Request for Appointment of Counsel (ECF No. 2) is denied.

IT IS FURTHER ORDERED that the Motion to Proceed In Forma Pauperis (ECF No. 3) is granted.

IT IS FURTHERED ORDERED that the Complaint (ECF No. 1) is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff Christopher Alonso may file a motion for leave to amend the Complaint within thirty (30) days of the date of this Order. The motion for leave to amend must include a proposed first amended complaint that addresses the deficiencies in the original Complaint identified in this order. The proposed first amended complaint must be complete in itself and not incorporate by reference any portion of the original Complaint. If no motion is filed, the Clerk of the Court shall close this case.

Dated: May 18, 2023

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court

---

[5] Even assuming Defendants were not immune from suit, Plaintiff's Complaint is subject to dismissal pursuant to § 1915(e)(2)(B)(2) for failure to state a claim on which relief may be granted because the Complaint does not identify any specific constitution provision violated by Defendants. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. The first step in any such claim is to identify the specific constitutional right allegedly infringed." (citation and quotations omitted)).