UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER K. ALONSO,<br><br>                              Plaintiff,<br><br>v.<br><br>WILLIAM QUAN, POLI FLORES, ROSS, M. LEPE NEGRETE, and CHRISTOPHER PLOURD,<br><br>                              Defendants. | Case No.:  3:23-cv-00760-WQH-NLS<br><br>**ORDER** |

HAYES, Judge:

On April 26, 2023, Plaintiff, proceeding pro se, initiated this action by filing a civil rights Complaint against Defendants, five judges who allegedly presided over a criminal case brought against Plaintiff in California Superior Court. (ECF No. 1.) The same day, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP"). (ECF No. 3.)

On May 18, 2023, the Court issued an Order granting the Motion to Proceed IFP and screening the Complaint pursuant to 28 U.S.C. §1915(e)(2). (ECF No. 4.) The Court construed the Complaint as bringing claims against Defendants under 42 U.S.C. § 1983 and dismissed the claims as barred by judicial immunity and because the Complaint did not identify any specific constitutional provision violated by Defendants. The Court granted Plaintiff thirty days in which to file a motion for leave to amend the Complaint, accompanied by a proposed first amended complaint that "addressed the deficiencies in the original Complaint" and was "complete in itself." *Id.* at 7.

On June 13, 2023, Plaintiff filed a "Response for Bivens Statute Against Superior Court Imperial County" (the "Response"). (ECF No. 5.) In the Response, Plaintiff restates the allegations in the dismissed Complaint, and appears to contend that the existing allegations preclude immunity and adequately support violations of Plaintiff's Fourth, Sixth, and/or Fourteenth Amendment rights.

To the extent that the Response requests reconsideration of the Court's May 18, 2023, Order dismissing the Complaint, Plaintiff's request is denied because Plaintiff has not demonstrated that the Court committed clear error and has not identified any other basis for reconsideration. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (stating that reconsideration is an "extraordinary remedy, to be used sparingly" that "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law" (quotations omitted)).

The docket reflects that more than thirty days have passed since the filing of the Court's Order dismissing the Complaint and that no motion for leave to amend the Complaint has been filed.[1]

IT IS HEREBY ORDERED that Plaintiff's request for reconsideration is denied.

IT IS FURTHER ORDERED that this action is dismissed in its entirety without prejudice. The Clerk of the Court shall close the case.

Dated: June 21, 2023

Hon. William Q. Hayes
United States District Court

---

[1] The Response does not request leave to amend the Complaint, does not identify any new factual allegations supporting Plaintiff's claims, and is not accompanied by a proposed first amended complaint. Accordingly, even if the Request were construed as a motion for leave to amend, the motion would be denied as futile and improper.